UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PHOENIX EXPLORATION COMPANY, LP | CIVIL ACTION NO. 2:17-cv-310 |
| VERSUS | JUDGE DOHERTY |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY AND AIG, CLAIMS, INC. | MAGISTRATE JUDGE HANNA |

**REPORT AND RECOMMENDATION**

Currently pending is the motion to remand (Rec. Doc. 10), which was filed by the plaintiff, Phoenix Exploration Company LP. The motion is opposed. Oral argument was held on May 18, 2017. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court finds that defendant, AIG Claims, Inc. was properly joined as a defendant in this lawsuit and finds that this Court does not have jurisdiction over this matter under 28 U.S.C. § 1332. Accordingly, this Court recommends that the plaintiff's motion to remand be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the plaintiff's petition, which was filed in Louisiana state court, Phoenix Exploration Company LP entered into a Pollution Legal Liability Select Insurance Policy ("Policy") with defendants American International Specialty Lines

Insurance Company ("AISLIC") and AIG Claims Inc. ("AIG Claims") that obligated the defendants to defend and indemnify the plaintiff from third party claims for pre-existing and new pollution issues. Subsequently, in a lawsuit captioned *D&D Cajun Ventures, LLC and Eileen H., Baur v. Atlantic Richfield Company, et al.* ("underlying lawsuit") the plaintiff was sued by two property owners seeking to recover for environmental damage to their property. As a result, the plaintiff filed the present action against the defendants and alleged that the defendants failed to defend and indemnify it in the underlying lawsuit as provided for in the policy. Specifically, the plaintiff's petition stated two claims: (1) a claim for breach of contract against both entities for failing to defend and indemnify it in the underlying lawsuit; and (2) a claim for declaratory judgment against both entities as insurers of the plaintiff, seeking a determination that it is entitled to defense and indemnity under the policy for the claims asserted against it in the underlying lawsuit.

The defendants removed the action from state court, contending that this federal court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. In support of that contention, the defendants argued that AIG Claims was improperly joined. The instant motion to remand followed.

## LAW AND ANALYSIS

### A. Standard for Improper Joinder

In their removal notice, the defendants set forth facts establishing that the plaintiff is a citizen of Delaware and Texas, defendant AISLIC is a citizen of Illinois and New York, while defendant AIG Claims is a citizen of Delaware and New York. Therefore, the parties are diverse in citizenship only if AIG Claims was improperly joined.

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1] Therefore, the removing defendants must bear that burden in this case. The removing defendants also bear the burden of demonstrating improper joinder.[2]

Improper joinder may be established by actual fraud in the pleading of jurisdictional facts or by the inability of the plaintiff to establish a cause of action against a non-diverse party in state court.[3] Here, no fraud has been alleged, but the defendant argued that the plaintiff does not have a reasonable possibility of recovery against AIG Claims. When there is no reasonable basis for the district court to

---

[1] *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-1254 (5th Cir. 1998).

[2] *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

[3] *Smallwood v. Illinois Central*, 385 F.3d 568, 573 (5th Cir. 2004).

predict that the plaintiff might be able to recover against an in-state defendant, the defendant has been improperly joined.[4]

To determine whether a reasonable basis for recovery exists, a Rule 12(b)(6)-type analysis may be utilized or, if the plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder, a court may pierce the pleadings and conduct a summary inquiry.[5] When utilized, a summary inquiry allows a district court to look beyond the pleadings and consider summary-judgment-type evidence.[6] A summary inquiry should only be used to identify discrete and undisputed facts that would bar a plaintiff's recovery against an in-state defendant.[7] "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."[8]

### B. AIG Claims was not improperly joined

Without regard to AISLIC, the plaintiff's petition contains two claims against AIG Claims: (1) a claim for breach of contract for failing to defend and indemnify it

---

[4] *Smallwood v. Illinois Central*, 385 F.3d at 573.

[5] *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. App'x 911, 915-16 (5th Cir. 2009), citing *Smallwood v. Illinois Central*, 385 F.3d at 573.

[6] *Anderson v. Georgia Gulf*, 342 Fed. App'x at 916

[7] *Anderson v. Georgia Gulf*, 342 Fed. App'x at 916

[8] *Smallwood v. Illinois Central*, 385 F.3d at 574.

in the underlying lawsuit; and (2) a claim for declaratory judgment, seeking a determination that it is entitled to defense and indemnity under the policy for the claims asserted against it in the underlying lawsuit because AIG Claims is its insurer.

In the pleadings submitted and during oral arguments, the parties primarily focused on whether the plaintiff has a reasonable possibility of recovery on their breach of contract claim against AIG Claims and what evidence could be used to make that determination. However, this Court raises *sua sponte* whether the plaintiff's claim for declaratory judgment against AIG Claims would preclude this Court from having jurisdiction.

The Fifth Circuit Court of Appeals has previously addressed a similar issue when determining a motion to remand and improper joinder.[9] In *Interenergy*, the plaintiff's petition contained two independent causes of action: (1) a cause of action for a breach of contract and (2) a declaratory judgment. The court held that the determination of improper joinder depended only on the breach of contract claim because under Texas law, the declaratory judgment is "merely a theory of recovery for the breach of contract claim" and "merely a procedural device; it does not create any substantive rights or causes of actions." However, this decision was based on the

---

[9] *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltc.*, 99 F.3d 746 (5th Cir. 1996)

Texas Uniform Declaratory Judgment Act and overwhelming jurisprudence in Texas state courts that are not binding in this case. Under the Louisiana Declaratory Judgment law, there is no such precedent and the plain language of the applicable code articles would not support the same conclusion of law.

The plaintiff's claim for declaratory judgment was filed in a Louisiana state court so the issue of whether the plaintiff has a possibility of recovery against AIG Claims must be determined based on Louisiana law.[10] Under the Louisiana Declaratory Judgment law, "courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed."[11] This includes, but is not limited to a party's rights under a contract. "A contract may be constructed either before or after there has been a breach thereof."[12] The Louisiana Supreme Court has also stated that when a declaratory judgment is appropriate, "neither the existence of another adequate remedy nor the fact that further relief has been or can be claimed will preclude the court from rendering a judgment declaring the petitioner's rights or status."[13] Therefore, a declaratory

---

[10] Cf. *Bilyeu v. Wells Fargo Insurance Services, Inc.* 2016 WL 5721070 (W.D. La. 9/29/16) applying Federal Declaratory Judgment Act, a decision with which this Court respectfully disagrees for the reasons set forth herein.

[11] La. Code of Civil Procedure Art. 1871

[12] La. Code of Civil Procedure Art. 1873

[13] *In re P.V.W*, 424 So. 2d 105 (La. 1982)

judgment can provide a cause of action for the declaration of rights before or after a contract has been breached and regardless of whether there is or could be further relief claimed.

The plaintiff's petition seeks a declaratory judgment to determine whether it is entitled to defense and indemnity under the policy for the claims asserted against it in an underlying lawsuit. In order for AIG Claims to *possibly* owe defense and indemnity, it would have to first be declared to be an insurer under the policy. Pursuant to Louisiana Declaratory Judgment law, a state district court could issue a judgment that the plaintiff is or is not entitled to defense and indemnity from AIG Claims *only* because it is not an insurer under the policy.[14] The Louisiana court could make this ruling regardless of whether there is a breach of contract claim based on failure to pay defense and indemnity perhaps due to invalid policy defenses. This is precisely what AIG Claims is asking this Court to do in its pending motion for summary judgment, i.e. declare that AIG Claims is not an insurer under the policy. Therefore, this Court is not persuaded that AIG Claims is improperly joined because

---

[14] The Court notes in passing that AISLIC has admitted it is an insurer under the policy and there is nonetheless a breach of contract claim against it for failing to pay defense and indemnity. Thus, it is entirely possible that AIG Claims can get the relief it seeks, i.e. a declaration that it is not an insurer without in any way impacting the breach of contract claim also pending against AISLIC.

there is a reasonable basis for recovery against them based on the plaintiff's declaratory judgment claim.

The defendants also appeared to address this issue in their opposition to the plaintiff's motion to remand when they cited *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 Fed. Appx. 398 (5th Cir. 2011), and asserted that if the viability of the declaratory judgment claim is dependent upon the viability of the underlying breach of contract claim, then the claim for declaratory judgment fails when the breach of contact claim fails. However, in *Val-Com* the issue before the court was whether a claim for a declaratory judgment must be dismissed when the underlying claims are dismissed pursuant to a Rule 12(b)(6) motion. In *Val-Com*, the Fifth Circuit Court of Appeals held that once the underlying claims were dismissed there were no claims upon which the district court could grant declaratory relief. This is not the issue that is currently before this Court. In Louisiana, the law on declaratory judgments is clear. A party may seek a declaration of rights under a contract before or after a breach occurs and whether or not further relief is claimed.

If the issue before the Court was not one of improper joinder, and the parties were diverse, this Court would agree with the premise of *Val-Com*. However, the issue is whether there is no possible basis for recovery under state law. Without regard to whether there has or has not been a breach of contract, under Louisiana law,

there is a reasonable basis of recovery against AIG Claims simply because the plaintiff's petition contains a claim for a declaratory judgment to determine whether the plaintiff is entitled to defense and indemnity from AIG Claims as an insurer under the terms of the policy. Thus, this Court finds that AIG Claims is not improperly joined and it is recommended the plaintiff's motion to remand be granted because diversity of citizenship does not exist between the parties.

## CONCLUSION

For the reasons stated above, this Court finds that defendant AIG Claims is a proper defendant in this lawsuit and this Court does not have subject-matter jurisdiction over this action because the parties are not diverse in citizenship. In light of these findings, this Court recommends that the pending motion to remand (Rec. Doc. 10) be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 23rd day of May 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE